Filed For Record
Drew County, AR
Beverly Burks, Circuit Clerk
By_____

**JAN 16 2019**

(A)M1/2/3/4/5/6/7/8(9)10/11/12PM

## IN CIRCUIT COURT OF DREW COUNTY, ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| TOMMY FORREST, and<br>CAROL FORREST | )<br>)<br>) |
| PLAINTIFFS, | )<br>) |
| | ) CASE NO. CV-2019-5-3 |
| V. | )<br>) |
| PLANO SYNERGY HOLDINGS INC.,<br>PRIMAL VANTAGE CO. INC.,<br>EVOLVED INGENUITY LLC.,<br>AMERISTEP CORPORATION.,<br>DICK'S SPORTING GOODS, INC.,<br>and<br>JOHN DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) **JURY TRIAL DEMANDED** |
| DEFENDANTS. | )<br>) |

## COMPLAINT

COMES NOW, the Plaintiffs, Tommy and Carol Forrest, by and through their

undersigned counsel, Bailey & Oliver Law Firm, and for their Complaint states as follows, to-

wit:

### INTRODUCTION

1.    This is a case of negligence by the sellers and manufacturers of property whereupon

Plaintiff was a user and was injured by falling approximately 20 feet from a defectively designed

product of which the potential dangers of use were not adequately disclosed or made known to

Plaintiff on September 22, 2016.

1

EXHIBIT

tabbies

.1

## PARTIES

2.    At all times relevant to this action, Plaintiff Tommy Forrest is a resident of Drew County, Arkansas.

3.    Defendant Plano Synergy Holdings Inc. is a registered company incorporated in Delaware. Defendant can be served through its registered agent for service of process is listed as Corporation Service Company (CSC) with an address at 251 Little Falls Drive, Wilmington, DE, USA 19808.

4.    Defendant Evolved Ingenuity, LLC, was formed in the state of Texas and is a subsidiary of Plano Synergy Holdings Inc. Its mailing address is 431 E South St., Plano IL 60545-1676.

5.    Defendant Primal Vantage Company Inc. was formed in the state of New Jersey. Its mailing address is 2407 W. Euclid Ave, Littleton, CO 80120. Defendant can be served through its registered agent for service of process, Delphine Holding Company LLC, at 2407 W Euclid Ave., Littleton, CO, 80120.

6.    Defendant Dick's Sporting Goods, Inc. is a foreign for-profit corporation registered in Delaware. Its Registered Agent for Service in Arkansas is Corporation Service Company, whose address is 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

7.    Pursuant to Ark. Code Ann. § 16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor(s) is unknown.

8.    In the alternative, the name of the unknown tortfeasor(s), individual person or entity, shall be designated by the pseudonym John Doe.  Thus, in this case, John Doe 1, in the alternative, is the official name of any individual person defendant or entity with which any

individual person defendant may be associated. Furthermore, if there is more than one (1) such unknown tortfeasor, person or entity, the use of John Doe 2, John Doe 3, etc., is also appropriate.

9.     Upon determining the identity of any current unknown tortfeasor(s) person or entity, Plaintiff will amend this complaint by substituting the real name for the pseudonym.

10.     The Plaintiff has attached hereto the affidavit of Plaintiff's attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125. Exhibit 1.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

12.     Venue is proper under A.C.A. 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the incident occurred or the county where the person injured resided at the time of the incident.

## FACTS

13.     At some time prior to September 22, 2016, Defendants worked in conjunction with each other to design, manufacture, market, sell, and distribute the Ameristep Grizzly Climber Model #9500 tree stand.



14.　　This tree stand was designed and manufactured in a way that required the user to pinch a metal loop in order to attach the stand to a tree. This pinching motion weakened the metal loop and made it unsafe.

15.　　Additionally, this stand was designed and manufactured in a way that the metal wires used to attach the stand to the tree were exposed to friction and the elements. This exposure weakened the metal wires and made the stand unsafe.

16.　　These unsafe design and manufacturing elements of the tree stand were not made known to the public or Tommy Forrest.

17.　　On September 22, 2016, Plaintiff, Tommy Forrest, and his wife, Carol Forrest went to went to the woods to clean their property and check out an area for an upcoming hunt.

18.　　Tommy brought with him his Ameristep Grizzly Climber Model #9500 tree stand.

19.　　Tommy, in order to get a better view to survey his property and to prepare for a future hunt, chose a tree and began to climb it using his tree stand.

20.　　Tommy was able to climb to a height of around twenty (20) feet up the tree.

21.　　While Tommy was climbing, the tree stand failed.

22.　　Tommy fell from the tree along with the failed stand, falling approximately twenty feet.

4

23.    Carol Forrest, standing nearby, heard Tommy fall and his body hit the ground.

24.    As soon as she realized what happened, Carol Forrest called 911.

25.    Sometime later, an ambulance and first responders arrived on the scene.

26.    Terry Ballard, the first responder who was first on the scene reported that Tommy was laying on the ground and foaming from the mouth, with the bottom of the tree stand on him, estimating that Tommy fell about 20 feet.

27.    Tommy was then rushed to Drew Memorial Hospital in Monticello, Arkansas.

28.    After a short time at Drew Memorial Hospital, Tommy was airlifted to UAMS in Little Rock, Arkansas.

29.    Tommy was diagnosed with multiple broken ribs, intraventricular brain hemorrhaging, a lacerated spleen, and a punctured lung along with other bodily injuries.

30.    To this day, Tommy suffers from weakness in his arms and legs, short term memory loss, and requires assistance for his activities of daily living.

31.    Since the fall, Carol Forrest has been Tommy's primary caregiver.

## COUNT I: NEGLIGENCE FOR FAILURE TO PROVIDE ADEQUATE WARNING OR INSTRUCTION

32.    Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

33.    The Defendants in this case were negligent with regard to the duties they owed Plaintiff in failing to adequately warn Plaintiff of the potential dangers of using the product.

34.    The Defendants in this case were negligent in that they did not have adequate policies and procedures in place to ensure that adequate warnings or instructions were provided with the tree stands.

5

35.    Specifically, the negligence of the Defendants includes, but is not limited to, the following:

    a.  Knowing or having reason to know of an unsafe and/or defective condition of their product which would render the product unsafe for foreseeable use/consumption.

    b.  Failure to warn. The Defendant's warnings or instructions for using the product were inadequate.

    c.  Even if an adequate warning had been presented, it would have been futile under the circumstances as there is no reasonable use for the tree stand other than climbing trees.

36.    This negligence was a proximate cause of the damages Plaintiff has suffered.

## COUNT II. NEGLIGENCE FOR A DEFECTIVELY DESIGNED PRODUCT

37.    Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

38.    The Defendants had a duty to use ordinary care in the design, in the selection of materials used, in the assembly and to inspect and test and package the deer stand, the subject of this lawsuit in order to protect those who would use it from unreasonable risk of harm while it is being used for any purpose which should reasonably be expected by the manufacturer, but the Defendants and each of them violated that duty causing the damage herein complained of.

39.    The Defendants in this case were negligent in that they did not have adequate policies and procedures in place to ensure that the products were designed in a way that was reasonably safe for use.

40.    Specifically, the negligence of the Defendant[s] includes, but is not limited to:

    a.  Designing a product that subjects users to an unreasonable risk of harm.

6

b. By way of its design, these dangers that do not appear 'open and obvious' to users.

c. Lack of foreseeability of probable injury that results from using this product, which would render it unlikely for users of this product to appreciate the dangers associated with use.

d. Negligence may be imputed to the Defendant[s] even if the design of the product was in accordance with customary methods and procedures in the industry.

## COUNT III. STRICT LIABILITY IN TORT

41.    The Defendants were engaged in the business of manufacturing or assembling or selling the deer stand the subject of this litigation. The deer stand was supplied in a defective condition which rendered it unreasonably dangerous. The defective condition was a proximate cause of plaintiff's damages.

## COUNT IV. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42.    Defendants breached the warranty of merchantability by selling a deer stand which was not merchantable which unmerchantable condition was a proximate cause of plaintiff's damages. That plaintiff was a person whom Defendants might reasonably expect to use the deer stand.

## COUNT V. BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

43.    At the time of contracting, Defendants had reason to know the particular purpose for which the deer stand was required. That the Defendants knew that the buyer was relying on defendant's skill or judgment to select or furnish a suitable deer stand. The deer stand was not fit for the particular purpose for which it was required. The unfitness of the deer stand was a

proximate cause of plaintiff's damages. That plaintiff was a person who Defendants would reasonably have expected to use the deer stand.

## COUNT VI. BREACH OF EXPRESS WARRANTY

44.    An express warranty was created by promises made by the Defendants, and the description of the deer stand to the plaintiff. The deer stand did not conform to the express warranty. The failure to conform to the express warranty was the proximate cause of plaintiff's damages. Plaintiff was a person who Defendants might reasonably expect to use the deer stand.

## COUNT VII. NEGLIGENCE FOR DEFECTIVE MANUFACTURING

45.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

46.    The Defendants in this case were negligent in their manufacturing of the tree stand and should be held liable because Defendants had a duty to use ordinary care in assembling, inspecting, testing, and packaging the product in order to protect those who will use it from unreasonable risk of harm.

47.    The Defendants in this case were negligent in that they did not have adequate policies and procedures in place to ensure that the products and tree stands sold were manufactured in an appropriate and reasonable fashion.

48.    Specifically, the negligence of the Defendants for this count includes, but is not limited to:

  a.  Negligent manufacturing of the cables which failed. These cables should have been galvanized and covered in plastic, along with other precautions taken.

b. Failure on the behalf of Defendant to have readily available for purchase replacement cables on its website along with an accompanying warning and instruction to replace the cables on a specific timetable.

## DAMAGES

49.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

50.    Plaintiff suffered broken ribs, brain bleeds, a punctured spleen, and a punctured lung among other physical injuries.

51.    Plaintiff's injuries sustained from the fall led various medical operations.

52.    To this day, Plaintiff still suffers from the fall with general weakness, no short-term memory, and the inability to perform his activities of daily living.



9

53.    Plaintiff Tommy Forrest is entitled to recover from the Defendants for the following elements of damages:

a.  The nature, extent, duration, and permanency of his injuries;

b.  The reasonable expense of all necessary medical care, treatment, and services received including transportation and board and lodging expenses necessarily incurred in securing such care, treatment, or services;

c.  The present value of all necessary medical care, treatment, and services including transportation and board and lodging expenses necessarily incurred in securing such care reasonably certain to be required in the future;

d.  The pain, suffering, and mental anguish experienced in the past;

e.  The pain, suffering, and mental anguish reasonably certain to be experienced in the future;

f.  The value of any earnings lost;

g.  The present value of any earnings reasonably certain to be lost in the future;

h.  The present value of any loss of ability to earn in the future;

i.  The scars, disfigurement, and visible results of his injuries;

j.  The reasonable expense of any necessary help in his home, which has been required as a result of his injury;

k.  The present value of any necessary help in his home reasonably certain to be required in the future;

l.  All other damages afforded under the law or deemed applicable by the Arkansas Model Jury Instructions.

54.     As a direct and proximate result of the Defendants' negligent and reckless conduct, Carol Forrest has lost the services, society, companionship, and marriage relationship she once enjoyed with her husband, Tommy Forrest.

55.     Plaintiff Carol Forrest is entitled to fair compensation for the reasonable value of any loss of the services, society, companionship, and marriage relationship of her husband proximately caused by the negligence of the Defendants, and for all other damages afforded under the law or deemed applicable by the Arkansas Model Jury Instructions.

## PUNITIVE DAMAGES

56.     Plaintiff hereby incorporates all of the applicable paragraphs above by reference as if fully restated and set forth hereafter.

57.     Defendants' conduct of recklessly designing, manufacturing, marketing, and selling the dangerous tree stands to the public constitutes conduct which was willful, malicious, knowing, reckless, intentional, reprehensible and which proximately caused injury and damages to Plaintiff in an amount to be proven at trial and for which Plaintiff should be awarded punitive damages from Defendants.

58.     Defendants' conduct was so unreasonable and dangerous that Defendants knew or should have known that it was highly probable that injury, substantial harm, or emotional distress would result.  The reckless acts, omissions and conduct of the Defendants', and each of them individually, include, but are not limited to, the following:

   a.   Upon information and belief, the Defendants', and each of them individually, knew or should have known that the tree stands they designed, manufactured, distributed, marketed, and sold to consumers would not be reasonably safe for the intended consumer.

   b.   Upon information and belief, the Defendants', and each of them individually, either

choose not to conduct appropriate testing regarding the safety of their climbing tree stands, or ignored the results of such testing, in a reckless disregard for the safety of their consumers.

c.  Upon information and belief, the Defendants', and each of them individually, knew of the defective and dangerous nature of the climbing tree stands and chose to manufacture, market, distribute, and sell the tree stands in a reckless disregard for the safety of their consumers.

d.  Upon information and belief, the Defendants', and each of them individually, prioritized profits over the safety of their consumers with a reckless disregard of the consequences.

59.  As a result of the foregoing, Plaintiff should be awarded punitive damages against each defendant, individually, in an amount to be proven at trial.

## JURY TRIAL DEMANDED

60.  Plaintiff seeks damages in excess of the amount necessary for Federal Court jurisdiction.

61.  Plaintiffs seeks a jury to act as the conscience of the community; not only to compensate these Plaintiffs for their injuries, but also to deter similar conduct in the community in the future.[1]

62.  The jury is the mechanism provided by common law for determining the presence or absence of due care, reasonableness, prudence, decency, and common sense. Gent v. State, 239 Ark 474 (1965). In this case, the Plaintiffs request that a jury, as the conscience of the community,

---

[1] *Williams v. O'Neal Ford, Inc.*, 668 S.W. 2d 545 (Ark. 1984) (the jury acts as the 'conscience of the community' is punishing wrongdoers); *see also Georgia-Pacific Corp. v. Carter*, 265 S.W. 3d 107 (Ark. 207) ("the tort system's *primary objectives* are compensation and *deterrence*").

determine if the care used by the Defendants meets the standards of reasonableness, due care, and prudence.[2]

63.    The Plaintiffs ask for a jury to set the standards, not only for this case, but for the next cases that are tried. As Dean Prossser noted over 50 years ago:

> "The "prophylactic" factor of preventing future harm has been quite important in the field of torts. **The Courts are not only concerned with compensation of the victim, but with admonishment of the wrongdoer.** When the decision of the courts becomes known, and defendants realize that they may be held liable, there is of course a strong incentive to prevent the occurrence of harm."[3] [emphasis added]

64.    The Plaintiffs in this case are not solely concerned with the compensation for their own harms and losses, but seek a jury to set standards in the community that provide the incentive for the defendants and those similarly situated to prevent the occurrence of the same harm to the members of the community in the future.

65.    Plaintiff reserves the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damages claims as discovery develops.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, the exact amount to be determined by a jury, for attorneys' fees and costs of this litigation, and for all other relief to which the Plaintiff may be entitled.

Dated this _14_ day of January, 2019.

Respectfully Submitted,

---

[2] *Nice v. ZHRI, Inc.*, 105 F.Supp. 2d 1028, 1029 (2000) (holding its was not error for counsel to tell the jury, "You set the standards for our community. You six people will set the standards in this case and next case that is tried.").
[3] Prosser Handbook on the Law of Torts, pg. 23 (3d ed. 1954); restated Prosser and Keeton, Torts, § 4, at 25 (5th ed. 1984).

TOMMY AND CAROL FORREST
PLAINTIFFS


By: _____

Sach D. Oliver, AR Bar No. 2006251
Frank H. Bailey, AR Bar No. 74004
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
(479) 202-5200 Phone
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com

  and

Robert G. Bridewell, AR Bar No. 80018
ROBERT G. BRIDEWELL, ATTORNEY,
PLC.
P.O. Box 391
113 N. Court Street
Lake Village, AR 71653
 (870) 265-3835 Phone
bridewellattorneys@sbcglobal.net

*Attorneys for the Plaintiff*

14

## IN CIRCUIT COURT OF DREW COUNTY, ARKANSAS
## CIVIL DIVISION

TOMMY FORREST, and )
CAROL FORREST )
  )
      PLAINTIFFS, )
  )   CASE NO. _____
V. )
  )
PLANO SYNERGY HOLDINGS INC., )
PRIMAL VANTAGE CO. INC., )
EVOLVED INGENUITY LLC., )
AMERISTEP CORPORATION., )
DICK'S SPORTING GOODS, INC., and )
JOHN DOES 1-10, )
  )   **JURY TRIAL DEMANDED**
  )
      DEFENDANTS. )

### AFFIDAVIT OF SACH D. OLIVER, ESQ.

STATE OF ARKANSAS  )
         ) ss.
COUNTY OF DREW   )

 BEFORE ME, the undersigned authority, personally appeared SACH D. OLIVER, who, upon first being duly sworn, deposes and states as follows:

1. I, Sach D. Oliver, represent the Plaintiff in the above-entitled matter as their attorney at law.

2. I have caused to be filed a Complaint in the above-entitled matter in the appropriate court of this state.

3. At this time, the names and the number of all tortfeasors contemplated in this action are unknown.

4. For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. § 16-56-125, I have designated the unknown tortfeasors with the pseudo-name John Doe 1, John Doe 2, and/or John Doe 3.

**EXHIBIT**

_1_

5. Upon determining the identity of the unknown tortfeasor(s) the pseudo name John Doe will be replaced with the real name of the defendant in the Complaint of the above-entitled matter.

FURTHER, THE AFFIANT SAYETH NOT.

_____
SACH D. OLIVER

Sach D. Oliver, AR Bar No. 2006251
Frank H. Bailey, AR Bar No. 74004
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
(479) 202-5200 Phone
(479) 202-5605 Fax
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com

and

Robert G. Bridewell, AR Bar No. 80018
ROBERT G. BRIDEWELL, ATTORNEY,
PLC.
P.O. Box 391
113 N. Court Street
Lake Village, AR 71653
(870) 265-3835 Phone
bridewellattorneys@sbcglobal.net
Attorneys for the Plaintiff

Subscribed and sworn to before me this 14 day of January, 2019.

_____
Notary Public

My Commission Expires:
Notary Public – Arkansas
Benton County
Commission # 12361350
My Commission Expires Jul 1, 2027