## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**TOMMY FORREST,** *et al.*                                              **PLAINTIFFS**

**v.**                          **Case No. 5:19-cv-00069-LPR**

**PLANO SYNERGY HOLDINGS INC.,** *et al.*                          **DEFENDANTS**

## <u>ORDER</u>

Before the Court is Plaintiffs Tommy and Carol Forrest's Motion for Protective Order and to Quash Notice of Deposition of Tommy Forrest. (Doc. 22). Defendants served Mr. Forrest with a Notice of Deposition scheduled for March 30, 2020, at the "offices of Bailey & Oliver Law Firm, 3606 W. Southern Hills Blvd, Rogers, AR 72758." (*Id.*). As detailed below, the Court will GRANT in part and DENY in part Plaintiffs' Motion for Protective Order and to Quash Notice of Deposition of Tommy Forrest.

## I.       Background

On February 19, 2020, Plaintiffs filed the instant Motion. (*Id.*). Defendants responded in opposition. (Doc. 24). On March 3, 2020, the Court ordered Plaintiffs to submit additional medical evidence (declarations or affidavits) establishing (1) that "Mr. Forrest's long-term/medium-term memory . . . is completely unreliable," and (2) that "Mr. Forrest is unable to give a reliable account of the events of his accident." (Doc. 25). The Court also permitted both parties to file additional briefing on any new evidence Plaintiffs produced.

On March 13, 2020, Plaintiffs submitted the statement of a board-certified neurologist and psychiatrist, Dr. Shelly N. Savant. (Doc. 26-1). Based on Dr. Savant's review of Mr. Forrest's medical records, her conversations with his medical providers, and her in-person examination of

Mr. Forrest, Dr. Savant opined that "compelling Mr. Forrest to testify at a deposition would be significantly detrimental to his health and well-being." (*Id.*).  She also opined that Mr. Forrest's "short-term, mid-term, and long-term memories" are unreliable. (*Id.*).

Defendants responded on March 19, 2020, contending that Dr. Savant's statement was "lacking in both form and substance." (Doc. 27 at 2).  Specifically, Defendants contend that Dr. Savant's statement is only a "reflection" and "confirmation" of other medical reports. (*Id.*).  Defendants also note that the statement "lacks the signature of an authorized disinterested person notarizing th[e] document," and that Dr. Savant's statement was drafted on a letterhead belonging to Plaintiffs' Counsel. (*Id.*).  Due to these deficiencies, Defendants contend that Dr. Savant's statement does not meet the legal requirements for an "Affidavit." (*Id.*).

## II.    Analysis

Federal Rule of Civil Procedure 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Despite the deficiencies identified by Defendants, the medical evidence Plaintiffs provided suggests that an in-person deposition at the Bailey & Oliver Law Firm may significantly harm Mr. Forrest's "health and well-being." (Doc. 26-1).  But, on the other hand, it is also clear that Mr. Forrest's testimony is, or might be, pretty meaningful to the defense of this case.  Mr. Forrest is the only witness to his own accident, and he appears to be the only individual who can speak to (or might be able to speak to) the "use, history, maintenance, repair, or inspection of the treestand." (Doc. 27 at 5-6).  Furthermore, given the relatively scant evidence provided so far, the Court is unsure of the ultimate reliability of Mr. Forrest's potential deposition testimony.  In light of and balancing the foregoing, the Court believes that, at this point, the fairest thing to do is to

allow some form of deposition testimony to be required of Mr. Forrest.[1]

One of the ways a court may protect a party is by "prescribing a discovery method other than the one selected by the party seeking discovery." FED. R. CIV. P. 26(c)(1)(C). The Court determines that Defendants may depose Mr. Forrest via a written deposition.[2]  This will largely protect Mr. Forrest from the potential mental and emotional anxiety, embarrassment, agitation, and stress associated with testifying under the lights, while still permitting Defendants the opportunity to depose a key witness. The Court will give the parties the first crack at agreeing to how to obtain a deposition by writing. If the parties cannot reach an agreement, the parties are instructed to schedule a joint phone call with the Court to decide the particulars of the written deposition.

IT IS THEREFORE ORDERED that:

1)  Plaintiffs' Motion to Quash Notice of Deposition of Tommy Forrest is GRANTED.

2)  Plaintiffs' Motion for Protective Order is GRANTED in part and DENIED in part. Defendants may depose Plaintiff Tommy Forrest via a written deposition. The parties are instructed to work within the discovery deadlines established in the Final Scheduling Order (Doc. 17) to set a time for Defendants to propound their deposition questions to Mr. Forrest, and for Mr. Forrest to respond. If the parties cannot reach an agreement, the parties are instructed schedule a joint phone call with the Court to resolve their disagreements.

---

[1]  Whether or not Mr. Forrest will be required to testify at trial, or whether his deposition testimony may be used at trial, are separate questions entirely. The Court does not rule on either of those issues at the present. If Plaintiffs ultimately want to exclude Mr. Forrest's testimony at trial, Plaintiffs will need to provide more significant and documented medical evidence regarding Mr. Forrest's memory and reliability. In all likelihood, these additional issues will require a substantial evidentiary hearing.

[2]  By "written deposition," the Court means that Defendants may mail (or email) Mr. Forrest their deposition questions and set a mutually agreeable amount of time for Mr. Forrest to answer the questions and mail (or email) his answers back.

3)     The Court orders Mr. Forrest to sign and submit a declaration, along with his answers to the deposition, stating that the provided answers are his answers, and his answers alone.

IT IS SO ORDERED this 23rd day of March 2020.

UNITED STATES DISTRICT JUDGE